IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIVOT BOARD, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION ) CASE NO. _____ |
| GOLF TECHNOLOGIES, LLC d/b/a BIRDIE BATH, | ) ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Divot Board, L.L.C. ("Divot Board") files this Complaint for patent infringement against Golf Technologies, LLC d/b/a Birdie Bath ("Birdie Bath") and alleges as follows:

**NATURE OF THE ACTION**

1. Divot Board brings this action pursuant to the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq,* and the Local Rules of Practice for Patent Cases, seeking recourse for Defendant Birdie Bath's infringement of United States Patent No. 10,639,539 (the '539 Patent) caused by the manufacture and sale of Birdie Bath's golf training aid mat entitled the "Birdie Practice Mat Pro."

**THE PARTIES**

2. Divot Board is a Delaware limited liability company with its principal place of business at 31950 Cottonwood Drive, Temecula, California 92592

3. Birdie Bath is a Kansas limited liability company with its principal place of business and registered agent located at 11212 Meadow Lane, Leawood, Kansas 66211.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 USC §100 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 USC §1331 and §1338.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Defendant resides and has a regular and established place of business in this district located at 11212 Meadow Lane, Leawood, Kansas 66211. On information and belief, Defendant has committed acts of infringement of the '539 Patent in this district by offering for sale the "Birdie Practice Mat Pro" product accused of infringement.

6. This Court has personal jurisdiction over Defendant because, among other things, Defendant has purposely availed itself of the rights and benefits of the laws of Kansas by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being haled into court here. Defendant is registered Kansas limited liability company and has a regular and established place of business in this district.

## DIVOT BOARD'S INNOVATIONS AND THE '539 PATENT

7. Divot Board is engaged in the design, manufacture and sale of golf training aids. Divot Board is the manufacturer and retailer of a golf training aid known as the "Divot Board," a product shown below that provides instant feedback to a golfer on the contact point with the ball and the ground (hereinafter, the "Patented Device").



8. On March 19, 2018, inventor, Robert Longo ("Longo"), owner of Divot Board, filed a provisional patent application under U.S. App. No. 62/645,076 covering the Patented Device with the United States Patent and Trademark Office ("USPTO"). Mr. Longo subsequently filed a non-provisional patent application on March 12, 2019 bearing U.S. App. No. 16/299,477, which later matured into the '539 Patent on May 5, 2020 entitled "GOLF PRACTICE BOARD FOR IMPROVING GOLF SWING." A true and correct copy of the '539 Patent is attached to this Complaint as **Exhibit 1**.

9. All rights, title, and interest in the '539 Patent have been assigned to Divot Board, who is the sole owner of the '539 Patent.

**10.** The '539 Patent is generally directed towards a golf practice board configured to indicate a club head's path along a ground surface, which alerts the user to adjustments that can be made to improve his or her swing. The invention generally includes a mat secured within a frame, a plurality of multi-colored discs pivotably attached to a top surface of the mat that pivot from a first orientation showing one colored surface of the disc to a second orientation showing a different color on the reverse side when contacted by a golf club, and a slip-resistant bottom surface comprising a plurality of mounting spikes configured to prevent the practice board from moving during use.

**BIRDIE BATH'S INFRINGEMENT OF THE '539 PATENT**

11. Birdie Bath makes, uses, sells, and offers for sale golf training aids and accessories in direct competition with Divot Board, including online through e-commerce outlets like Amazon and through its own website https://birdiegolfstuff.com/ (the "Website").



12. Specifically, Birdie Bath has sold and continues to offer for sale a golf swing training board known as the "Birdie Practice Mat Pro" (the "Accused Product"), which is shown to the right.

13. At a minimum, Birdie Bath markets, offers for sale, and sells the Accused Product directly to consumers in the United States through its Website. See **Exhibit 2**, a printout of Birdie Bath Website product listing for the Accused Product (accessed 3/25/2024).

14. Claim 1 of the '539 Patent recites:

> A golf practice board to indicate a club head's path along a ground surface to improve a golfer's swing, the golf practice board comprising:
> a mat;
> a plurality of multi-colored discs pivotably attached to a top surface of the mat, such that when an object passes over the plurality of multi-colored discs, the plurality of multi-colored discs pivot from a first orientation showing an obverse surface of the multi-colored discs to a second orientation showing a reverse surface of the multi-colored discs;
> a frame with a bottom surface, wherein the mat is secured within the frame; and
> a plurality of anchors attached to the bottom surface of the frame, wherein:
> > the obverse surface of the multi-colored discs has a different color than the reverse surface of the multi-colored discs; and
> > the plurality of anchors comprise a plurality of mounting spikes.

15. As set forth in the claim chart attached as **Exhibit 3**, the Accused Product literally includes each element of claim 1 of the '539 Patent except the claimed plurality of mounting

spikes. Rather than mounting spikes, the Accused Product incorporates a plurality of raised horizontal rows and columns projecting from the bottom surface that are configured to function in the same way to achieve the same result as the claimed mounting spikes, which is to secure the mat in place during use.

16. The Accused Product directly infringes claim 1 of the '539 Patent under the doctrine of equivalents.

17. Claim 2 of the '539 patent recites:

The golf practice board of claim 1, further comprising a hanging orifice extending through the frame.

18. As set forth in the attached claim chart, the Accused Product literally includes each element of claim 2 of the '539 Patent. See Exhibit 3.

19. The Accused Product directly infringes claim 2 of the '539 Patent.

20. Claim 3 of the '539 patent recites:

The golf practice board of claim 1, further comprising a plurality of single colored discs arranged on the mat within the multi-colored discs,
    wherein:
        the plurality of single colored discs are arranged to form patterns on the mat; and
        an obverse surface of the single colored discs is the same color as a reverse surface of the single colored discs.

21. As set forth in the attached claim chart, the Accused Product literally includes each element of claim 3 of the '539 Patent. See Exhibit 3.

22. The Accused Product directly infringes claim 3 of the '539 Patent.

23. Claim 5 of the '539 patent recites:

The golf practice board of claim 3, wherein the plurality of single colored discs form a center ball marker pattern.

24. As set forth in the attached claim chart, the Accused Product literally includes each element of claim 5 of the '539 Patent. See Exhibit 3.

25. The Accused Product directly infringes claim 5 of the '539 Patent.

26. Upon information and belief, Birdie Bath was aware, prior to the release of the Accused Product, and prior to this lawsuit, of Divot Board's '539 Patent and its Patented Device.

27. Birdie Bath does not have a license to the '539 Patent.

28. Birdie Bath's manufacture, use, sale and offer for sale of the Accused Product constitutes direct infringement of at least one claim of the '539 Patent, either literally or under the doctrine of equivalents.

### DIVOT BOARD'S NOTICE OF INFRINGEMENT TO BIRDIE BATH

29. Despite Birdie Bath's knowledge of Divot Board's patent rights, Birdie Bath has continued its unauthorized infringing activity.

30. On March 6, 2024, after seeing Birdie Bath's product listing of the Accused Product on its Website, Divot Board promptly sent notice of Divot Board's infringement claims along with a copy of the '539 Patent to Birdie Bath. A copy of the March 6, 2024 letter is attached as **Exhibit 4.**

31. Birdie Bath retained patent counsel to evaluate Divot Board's claims of infringement and provide a letter in response. A copy of the March 8, 2024 letter is attached as **Exhibit 5**.

32. Birdie Bath has refused to cease its infringing activity, and the Accused Product continues to be offered for sale and sold directly to consumers throughout the United States.

### FIRST CAUSE OF ACTION
### INFRINGEMENT OF THE '539 PATENT

33. Paragraphs 1-32 are incorporated by reference as if set forth here in full.

34. Birdie Bath has made, used, sold, and offered for sale products in the United States, including the Accused Product, which include all of the elements and limitations of one or more of the claims of the '539 Patent.

35. Birdie Bath has directly infringed and currently infringes the '539 Patent under 35 USC §271(a), literally and/or under the doctrine of equivalents, including at least claims 1-3 and 5 of the '539 Patent by making, using, selling and offering for sale the Accused Product without Divot Board's permission.

36. The Accused Product embodies the patented invention of the '539 Patent and infringes the '539 Patent because the product incorporates a golf practice board containing a mat set within a frame with a divot tracking system that includes multi-colored discs pivotally attached to the mat that pivot from a first position showing one surface to a second position showing the reverse surface when contacted by the golf club. The Accused Product further includes a slip resistant contoured bottom surface that is configured to secure the board to the ground during use.

37. As a result of Birdie Bath's unlawful activities, Divot Board has suffered and will continue to suffer injury, including irreparable injury, as a result of Birdie Bath's infringement. Divot Board is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Birdie Bath from infringing the '539 Patent.

38. Birdie Bath's infringement of the '539 Patent has injured and continues to injure Divot Board in an amount to be proven at trial, but not less than a reasonable royalty.

39. Upon information and belief, Birdie Bath was aware of Divot Board's '539 Patent prior to releasing the Accused Product, but nonetheless continued to sell the accused products in complete and reckless disregard of Divot Board's patent rights. As such, Birdie Bath has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '539 Patent, justifying Divot Board to an award of increased damages under 35 U.S.C. §284, and attorneys' fees and cost incurred under 35 U.S.C. §285.

**PRAYER FOR RELIEF**

A. An entry of judgment holding that Birdie Bath has infringed and is infringing the '539 Patent;

B. A preliminary and permanent injunction against Birdie Bath and its officers, employees, agents, servants, attorneys, and those in privity with them, from infringing the '539 Patent, or inducing the infringement of the '539 Patent, and for all further and proper relief pursuant to 35 USC §283;

C. An award to Divot Board of past damages, not less than a reasonable royalty, as it shall prove at trial against Birdie Bath that is adequate to fully compensate Divot Board for Birdie Bath's infringement of the '539 Patent.

D. A determination that Birdie Bath's infringement has been willful, wanton, and deliberate and that the damages against it be trebled on this basis pursuant to 35 USC §284 or for any other basis in accordance with law;

E. A finding that this case is "exceptional" and an award to Divot Board of its costs and reasonable attorney fees, as provided by 35 USC §285;

F. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '539 Patent; and

G. Such other and further relief as the Court may deem proper and just.

**DEMAND FOR JURY TRIAL**

Divot Board hereby demands a jury trial for all matters that may be tried to a jury.

Dated: April 9, 2024	Respectfully submitted,

STEVENS & BRAND, L.L.P.

By: */s/ Christopher F. Burger*
Christopher F. Burger, KS #16056
Kate M. Simpson, KS #26453
900 Massachusetts Street, Suite 500
P.O. Box 189
Lawrence, KS 66044
Phone: (785) 843-0811
Fax:    (785) 843-0341
Email:  cburger@stevensbrand.com
            ksimpson@stevensbrand.com

AND
***Co-Counsel (pro hac vice application forthcoming)***
INTELLECTUAL PROPERTY CONSULTING, LLC

Stephen M. Kepper (LA Bar # 34618)
400 Poydras St. Suite 1400
New Orleans, LA 70130
Phone: (504) 322-7166
Fax: (504) 322-7184
Email:  skepper@iplawconsulting.com

*Attorneys for Plaintiff Divot Board, LLC*