**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DIVOT BOARD, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>GOLF TECHNOLOGIES, LLC d/b/a/ BIRIDE BATH<br><br>Defendant. | CASE NO. 24-cv-2135<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT GOLF TECHNOLOGIES, LLC**<br><br>**Demand for Jury Trial** |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Golf Technologies, LLC d/b/a Birdie Bath, "Defendant," by and through undersigned counsel, file their Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement filed by Plaintiff Divot Board, LLC ("Plaintiff"), and in support thereof state as follows:

## ANSWER TO NATURE OF THE ACTION

1. To the extent of Defendant's knowledge and information, Defendant agrees regarding the nature of the action, but denied as to the allegations therein.

## ANSWER TO THE PARTIES

2. To the extent of Defendant's knowledge and information, Defendant assumes paragraph 2 as true.

3. Admitted

## ANSWER TO JURISDICTION AND VENUE

4. Admitted that the Complaint purports to state claims arising under to 35 U.S.C. §100 *et seq*. Admitted that the Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§1331, and 1338. Denied that a claim for patent infringement, defamation, or any other claimed harm under those sections has arisen.

5. Admitted as to place of business, denied as to acts of patent infringement or any other claimed harm has occurred within this judicial district.

6. Admitted that the Defendant maintains its principal place of business in this judicial district and is a registered Kansas limited liability company, denied as to acts of patent infringement or any other claimed harm has occurred within this judicial district.

**ANSWER TO DIVOT BOARD'S INNOVATIONS AND THE '539 PATENT**

7. Defendant admits that Divot Board purports the claims in Paragraph 7 publicly. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies same.

8. Defendant admits that the records of the U.S. Patent and Trademark Office (USPTO) reflect that U.S. Patent No. 10,639,539 (the "539 Patent") was issued to Robert Longo ("Longo") on May 5, 2020 and reflects the patent history described in paragraph 8. Defendant admits that Exhibit 1 of Plaintiff's Complaint appears to be a true and correct copy of the '539 Patent. Defendant admits that Exhibit B appears to contain a copy of the '539 Patent file history. Defendant is without complete knowledge of the file history of the '539 Patent and therefore denies the validity of the '539 Patent.

9. Defendant admits that the records of the USPTO reflect that the '539 Patent was assigned from Longo to Plaintiff Divot Board.

10. Denied.

**ANSWER TO DIVOT BOARD'S INNOVATIONS AND THE '539 PATENT**

11. Admitted.

12. Admitted as to the product, denied as to any claims of patent infringement therein.

13. Admitted as to the product, and admitted that Exhibit 2 of Plaintiffs Complaint appears to show a printout of Birdie Bath Website product listing as of March 25, 2024. Defendant lacks

knowledge as to the authenticity of Exhibit 2, and therefore otherwise denies any claims as to what is shown in Exhibit 2. Denied to any claims of patent infringement therein.

14. Admitted as to the content of claim 1 of the ‘539 Patent.

15. Denied.[1]

16. Denied.

17. Admitted as to the content of claim 2 of the ‘539 Patent.

18. Denied.

19. Denied.

20. Admitted as to the content of claim 3 of the ‘539 Patent.

21. Denied.

22. Denied.

23. Admitted as to the content of claim 5 of the ‘539 Patent.

24. Denied.

25. Denied.

26. Denied.

27. Admitted, but denied as to any requirement for such license as Defendant’s products cannot infringe the ‘539 Patent.

28. Denied.

**ANSWER TO DIVOT BOARD’S NOTICE OF INFRINGEMENT TO BIRDIE BATH**

29. Denied.

---

[1] Defendant notes that the artist’s rendering on page 3 of Plaintiffs Exhibit 3 takes many liberties with the accused product is completely inaccurate.

30. Admitted that Defendant received Plaintiff's March 6, 2024 letter. Admitted that Exhibit 4 appears to be a true and accurate copy thereof. Denied as to any of the allegations contained therein.

31. Admitted.

32. Admitted as to Defendant's decisions, denied as to the allegations of infringement therein.

## ANSWER TO FIRST CAUSE OF ACTION
## INFRINGEMENT OF THE '539 PATENT

33. Paragraphs 1-32 are incorporated by reference as if set forth here in full.

34. Admitted as to making, using, and selling, and offering products for sale in the United States, including the "Accused Product." Otherwise denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Admitted as to knowledge. Otherwise denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

40. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

41. The '539 Patent claims are invalid, unenforceable, and void for failure to comply with the requirements of 35 U.S.C. § 112.

**THIRD AFFIRMATIVE DEFENSE**

42. The '539 Patent claims are invalid, unenforceable, and void for failure to comply with the requirements of 35 U.S.C. § 101.

**FOURTH AFFIRMATIVE DEFENSE**

43. The '539 Patent claims are invalid, unenforceable, and void for failure to comply with the requirements of 35 U.S.C. § 103 as any differences between the subject matter claimed and the prior art are such that the subject matter would have been obvious, at the time the alleged inventions were made, to a person having ordinary skill in the art to which the subject matter pertains.

**FIFTH AFFIRMATIVE DEFENSE**

44. The '539 Patent claims are invalid, unenforceable, and void for failure to comply with the requirements of 35 U.S.C. § 102.

**SIXTH AFFIRMATIVE DEFENSE**

45. The '539 Patent claims are invalid, unenforceable, and void due to fraud and/or inequitable conduct on the part of Plaintiffs for failure to comply with the Duty of Disclosure, Candor, and Good Faith according to the Manual of Patent Examining Procedure (MPEP) at section 2001 et seq. as codified at 37 C.F.R. 1.56 and 37 C.F.R. 1.56 (pre-AIA).

**SEVENTH AFFIRMATIVE DEFENSE**

46. Plaintiffs' claims are barred because the alleged infringing Defendant's "Accused Product(s)" do not infringe upon the '539 Patent.

**COUNTERCLAIMS**

Defendant/Counterclaim Plaintiff Golf Technologies, LLC d/b/a/ Birdie Bath ("Counterclaimant") in the above-styled action, and for its Counterclaims against Plaintiff Divot Board, LLC ("Plaintiff").

## THE PARTIES

1. According to Plaintiff's Complaint (Dkt. 1 at ¶2) and upon information and belief, Counterclaim Defendant Divot Board, LLC is a California limited liability company having a principal place of business at 31950 Cottonwood Dr., Temecula, CA 92592.

2. Counterclaimant is a Kansas limited liability company having its principal place of business at 11212 Meadow Ln, Leawood, KS 66211.

## FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY

3. The Complaint and this Counterclaim arise, *inter alia*, pursuant to 35 U.S.C. §271.

4. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331, 1338(a), 2201, and 2202. This Court has supplemental jurisdiction under 28 U.S.C. §1367.

5. Counterclaim Defendants have agreed to personal jurisdiction of this court by bringing a Complaint in the United States District Court for the District of Kansas.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT

7. Counterclaimant repeats and re-alleges each and every allegation in paragraphs 1-28 above, and incorporate the same herein.

8. The '539 Patent has a single independent claim, claim 1, and four dependent claims which all depend from at least claim 1. Therefore, all claims of the '539 Patent incorporate and include the limitations of claim 1.

9. The Counterclaimant's allegedly infringing devices lack several elements necessary for a finding of infringement of the '539 Patent.

10. Specifically, and without limitation, Counterclaimant's allegedly infringing devices lack, among other elements of the '539 Patent claims, "a frame with a bottom surface, wherein the mat is

secured within the frame," as required by claim 1 and therefore required by every asserted claim of the '539 Patent.

11. Specifically, and without limitation, Counterclaimant's allegedly infringing devices lack, among other elements of the '539 Patent claims, "a plurality of anchors attached to the bottom surface of the frame," as required by claim 1 and therefore required by every asserted claim of the '539 Patent.

12. Specifically, and without limitation, Counterclaimant's allegedly infringing devices lack, among other elements of the '539 Patent claims, "the plurality of anchors comprise a plurality of mounting spikes," as required by claim 1 and therefore required by every asserted claim of the '539 Patent.

13. None of Counterclaimant's products include "anchors," and specifically does not include "anchors" in the form of "mounting spikes" or anything which could be considered the equivalent thereof.

14. This is a photograph of the base of Counterclaimant's accused product.



15. As shown in paragraph 14 above, the base Counterclaimant's accused product forms a flat surface against the ground as it lacks any "anchors" and/or "mounting spikes."

16. The pattern formed on the base is the Counterclaimant's accused product is for material-saving and structural support purposes only and does not function in any way as an anchor.

17. A cross-section of the Counterclaimant's accused product lying atop a ground surface would show that no portion of the base of the accused product penetrates the ground in any way to be considered an "anchor," even less-so a "mounting spike."

18. Counterclaimant's website has a video on its front page at https://birdiegolfstuff.com/ which shows that the accused product physically moves when struck with a golf club, which disputes any argument that the base of the accused product comprises "anchors" and/or "mounting spikes."

19. Accordingly, Counterclaimant requests that this Court enter a judgment or decree that the Counterclaimant has not infringed upon U.S. Patent No. 10,639,539.

## COUNT II: BAD FAITH ASSERTION OF PATENT INFRINGEMENT PURSUANT TO K.S.A. 50-6,140

20. Counterclaimant repeats and re-alleges each and every allegation in paragraphs 1-19 above, and incorporate the same herein.

21. Plaintiff notified Counterclaimant of the '539 Patent and Plaintiff's allegations of infringement thereof. Dkt. 1 at ¶30; Dkt. 1 at Exhibit 4.

22. Counsel sent a response to Plaintiff on behalf of Counterclaimant on March 8, 2024 outlining the elements lacking from the asserted claims as identified in paragraphs 8-18 above. Dkt. 1 at ¶31; Dkt. 1 at Exhibit 5.

23. Plaintiff filed their Complaint for Patent Infringement ("Complaint") on March 9, 2024. Dkt. 1. Plaintiff's counsel notified Counterclaimant's counsel of the Complaint filing on April 12, 2024.

24. The Complaint included a claims chart which shows, among other inaccuracies, an artist's interpretation of what Plaintiff desires Counterclaimant's accused product to resemble in cross-section.

25. Counterclaimant sent another letter to counsel for Plaintiff on March 20, 2024, highly suggesting Plaintiff withdraw this lawsuit voluntarily due to Counterclaimant's noninfringement position.

26. Counsel for both parties spoke on May 2, 2024 and no agreement was reached. The doctrine of equivalents was discussed.

27. Plaintiff is well aware of the limitations of the '539 Patent. Plaintiff appears to rely heavily or entirely upon the doctrine of equivalents to establish its infringement position. Dkt. 1 at ¶¶16, 35.

28. Plaintiff was informed multiple times that the Counterclaimants accused product cannot and does not infringe the '539 Patent.

29. Pursuant to K.S.A. 50-6140(2)(B), Plaintiff failed to properly identify in its communication to Counterclaimant the specific areas in which the Counterclaimant's accused products are within the scope of the patent.

30. Plaintiff has made broad generalizations relying on mere assumptions and artists renderings hoping to establish a tenuous doctrine of equivalents position rather than actually looking at and using one of the accused products.

31. Plaintiff's baseless accusations and the filing of this lawsuit have caused financial harm and disrupted business for Counterclaimant.

32. Counterclaimant therefore requests monetary damages including attorney's fees to recover from the damages caused by Counterclaim Defendant's actions.

## PRAYER FOR RELIEF

Wherefore, Counterclaimant pray for judgment in their favor against counterclaim Defendants as follows:

(a) that the Court declare that the Counterclaimant has not violated the patent rights of Counterclaim Defendants or infringed upon U.S. Patent No. 10,639,539;

(b) alternatively or additionally, that the Court declare U.S. Patent Nos. 10,639,539 invalid and unenforceable for failing to satisfy the requirements of 35 U.S.C. §§101, 102, 103, and/or 112, and any other relevant statutory provisions;

(c) alternatively or additionally, that the Court declare U.S. Patent Nos. 10,639,539 invalid and unenforceable due to fraud, inequitable conduct, and violation of duty to disclose pursuant to 37 C.F.R. §1.63;

(d) that the Court provide damages to Counterclaimant due to lost sales and loss of potential business prospects caused by Counterclaim Defendants' activity;

(e) that the Court declare this an exceptional case and award Counterclaimant its reasonable attorneys' fees for prosecuting this action;

(f) that the Court order recovery for Counterclaimant for its costs in this action and prejudgment and post judgment interest; and

(g) that the Court order recovery for Counterclaimant for such other relief as the Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38, Counterclaimant demands a trial by jury on all issues triable by right to a jury.

Respectfully submitted,

LAW OFFICE OF MARK BROWN, LLC

/s/ Christopher M. DeBacker
Chris@midwestip.com
LAW OFFICE OF MARK BROWN
7225 Renner Rd. Suite 201
Shawnee, KS 66217
(913)248-4477

Attorneys for Defendant/Counterclaimant
Engenious Designs LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: