**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF KANSAS**

| | |
|---|---|
| Divot Board, LLC,<br>Plaintiff<br><br>v.<br><br>Golf Technologies, LLC d/b/a Birdie Bath,<br>Defendant | Civil Action No.:24-cv-2135<br><br>Judge: Toby Crouse<br><br>Magistrate: Brooks G. Severson<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF DIVOT BOARD, LLC'S ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiff Divot Board, L.L.C. ("Divot Board" or "Counter-Defendant"), through undersigned counsel, responds to the Counterclaims (Doc. 10) filed by Defendant Golf Technologies, LLC d/b/a Birdie Bath ("Birdie Bath" or "Counter-Plaintiff") as set forth below. All allegations in the Counterclaims (Doc. 10) are denied unless specifically admitted herein.

**THE PARTIES**

1. Admitted.

2. Admitted.

**ANSWER TO FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT

7. Divot Board denies the allegations of paragraph 7. The paragraph purports to incorporate by reference allegations "in paragraphs 1-28" but there are only five preceding paragraphs in the Counterclaims asserted by Birdie Bath.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Divot Board admits that the photograph included in paragraph 14 appears to depict the accused product.

15. Denied.

16. Denied.

17. Denied.

18. Divot Board denies the allegation of paragraph 18 for lack of sufficient information to justify a belief therein.

19. The allegations of paragraph 19 do not require an answer, however, if an answer is required the allegations are denied.

## COUNT II: BAD FAITH ASSERTION OF PATENT INFRINGEMENT PURSUANT TO K.S.A. 50-6,140

20. Divot Board incorporates its responses to paragraphs 1–19 as if set forth in full.

21. Admitted.

22. Divot Board admits that Birdie Bath sent a response letter to Divot Board on March 8, 2024, which is attached as Exhibit 5 to Divot Board's Complaint and speaks for itself. Divot Board specifically denies the contents of the letter, including Birdie Bath's allegation that the accused product does not infringe.

23. The allegations of paragraph 23 are admitted, except to deny the allegation that Divot Board filed its Complaint in this matter on "March 9, 2024." The Complaint was filed on April 9, 2024.

24. Divot Board admits that its Complaint includes a claim chart of the accused product with a rendering of a cross-sectional view. The remaining allegations are denied.

25. Divot Board denies the allegation of paragraph 25, except to admit that it did receive a letter from Birdie Bath's counsel on April 20, 2024 (not March 20, 2024) via electronic mail, which was dated April 19, 2024.

26. Divot Board admits that counsel for both parties spoke on May 2, 2024 and no agreement was reached.

27. Divot Board admits that it is aware of the scope of protection afforded to it under the '539 Patent and that it has pled infringement under the doctrine of equivalents.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## PRAYER FOR RELIEF

The allegations of the Counter-Plaintiff's prayer for relief do not require a response, but out of an abundance of caution, Divot Board denies the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The counterclaim under K.S.A. 50-6,140 for bad faith assertion of patent infringement fails to state a claim upon which relief can be granted. The referenced statute does not expressly afford a private right of action.

## SECOND AFFIRMATIVE DEFENSE

The counterclaim fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Counter-Defendant reserves the power to assert additional affirmative defenses as they become recognized up through the date of trial.

WHEREFORE, Plaintiff/Counter-Defendant Divot Board requests that the Counterclaim be denied in its entirety and for such other relief in favor of Plaintiff/Counter-Defendant as the Court deems just and equitable.

Dated: July 18, 2024

Respectfully submitted,

**STEVENS & BRAND, L.L.P.**

By: */s/ Christopher F. Burger*
Christopher F. Burger, #16056
Kate M. Simpson, #26453
900 Massachusetts Street, Suite 500
P.O. Box 189
Lawrence, KS 66044
Phone: (785) 843-0811
Fax: (785) 843-0341
Email: cburger@stevensbrand.com
ksimpson@stevensbrand.com

AND

***Co-Counsel (admitted pro hac vice)***

**Intellectual Property Consulting, LLC**

Stephen M. Kepper (LA Bar # 34618*)*
400 Poydras St. Suite 400
New Orleans, LA 70130
Telephone: (504) 322-7166
Fax: (504) 322-7184
skepper@iplawocnsulting.com

*Attorneys for Plaintiff Divot Board, L.L.C.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th day of July 2024, a true and correct copy of the foregoing document has been served on all known counsel of record by this Court's mandated electronic filing system.

*/s/ Christopher F. Burger*
Christopher F. Burger
Attorney for Plaintiff