**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DIVOT BOARD, LLC,

Plaintiff,

v.

GOLF TECHNOLOGIES, LLC, doing business as Birdie Bath,

Defendant.

Case No. 24-2135-TC-BGS

# PHASE II PATENT SCHEDULING ORDER

Following entry of the Court's claim construction order (Doc. 48), the parties submitted a proposed schedule for the remaining proceedings pursuant to the Court's October 7, 2026 order (Doc. 50). The Court conducted a scheduling conference on November 4, 2026. Plaintiff appeared through counsel Stephen M. Kepper and Christopher F. Burger. Defendant appeared through counsel Christopher M. DeBacker.

After consultation with the parties and mindful of the Patent Local Rules, the Court enters this phase II patent scheduling order:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Service of Amended Infringement Contentions | **October 27, 2026** |
| Advice of counsel disclosures | **November 10, 2026** |
| Service of Amended Invalidity Contentions | **November 24, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all fact discovery** |
| All fact discovery completed | **April 23, 2027** |
| Experts disclosed (for party bearing initial burden of proof) | **May 28, 2027** |

| | |
|---|---|
| Rebuttal experts disclosed | **June 25, 2027** |
| Reply expert reports | **July 23, 2027** |
| All expert discovery completed | **August 20, 2027** |
| Proposed pretrial order due | **September 20, 2027** |
| Pretrial conference | **September 28, 2027 at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **October 28, 2027** |
| Motions challenging admissibility of expert testimony | **October 28, 2027** |
| Trial — ETT 5 days | **Beginning on August 1, 2028 at 9:00 a.m.** |

**1. Alternative Dispute Resolution (ADR).**

**a.** The parties participated in mediation with U.S. Magistrate Judge Angel D. Mitchell on April 30, 2025, but did not resolve the case. The Court does not require further ADR at this time.

**2. Patent Disclosures.**

**a.** The deadline to serve amended infringement contentions permitted by D. Kan. Pat. Rule 3.5(a)(1) was **October 27, 2026**. Any party intending to rely on advice of counsel in support of a patent-related claim or defense must comply with D. Kan. Pat. Rule 3.6 by **November 10, 2026**. Any amended invalidity contentions permitted by D. Kan. Pat. Rule 3.5(a)(2) must be served by **November 24, 2026**. Other amendments to infringement or invalidity contentions remain subject to D. Kan. Pat. Rule 3.5(b)–(c).

**3. Discovery.**

**a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served no later than 40 days before the deadline to complete <u>fact</u>

discovery so as to identify all witnesses and exhibits that might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** All fact discovery must be commenced or served in time to be completed by **April 23, 2027**. All expert discovery, including expert depositions, must be completed by **August 20, 2027**.

**c.** As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures for the party bearing the initial burden of proof on the subject matter must be served by **May 28, 2027,** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **June 25, 2027**. Additionally, the party bearing the initial burden of proof may serve a reply report on or before **July 23, 2027.** The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law) within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the Court pursuant to D. Kan. Rule 37.1(a).

**4. Motions.**

**a.** All potentially dispositive motions (e.g., motions for summary judgment) must be filed by **October 28, 2027**. The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

***b.*** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the Court's website: *https://ksd.uscourts.gov/file/326*.

**c.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **October 28, 2027.**

**d.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The Court will typically grant the request and contact the parties to arrange the conference within a few days. The Court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the Court, no disputed discovery-related motion, material, or argument should be filed or submitted prior to this telephone conference. *See* D. Kan. Rule 37.1(a).

**e.** To avoid unnecessary motions, the Court encourages the parties to stipulate to discovery procedures. But any stipulation extending the time for completing discovery, hearing a motion, submitting the proposed pretrial order, or conducting the pretrial conference, another hearing, or trial requires Court approval and a showing of good cause. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**5. Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **September 28, 2027, at 10:00 a.m.** by telephone before Magistrate Judge Brooks Severson. Counsel are directed to call 316-402-0044 and enter conference ID number 485 069 538 to participate. If the proposed pretrial order presents substantial disputes or objections, the Court may convert the telephone conference to a videoconference or an in-person conference. No later than **September 20, 2027**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the Court's website: *https://ksd.uscourts.gov/civil-forms*

**b.** The parties expect the jury trial of this case to take approximately 5 trial days. This case is set for trial beginning on **August 1, 2028, at 9:00 a.m.** in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the Court's website at: *https://ksd.uscourts.gov/civil-forms*

**d.** Except as modified by this order, the provisions of the Court's prior scheduling orders remain in effect.

**e.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED**.

Dated November 4, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge